RAYMOND VICTOR PETERSON, APPELLANT, V. CHARLES W.
SPENCE ET AL., APPELLEES.

MORRIS KENNETH PETERSON, APPELLANT, V. CHARLES W.
SPENCE ET AL., APPELLEES.

FLOYD BERT PETERSON, APPELLANT, V. CHARLES W. SPENCE
ET AL., APPELLEES.

FILED JUNE 5, 1915.   NOS. 18179, 18180, 18181.

Appeal: HARMLESS ERROR: INSTRUCTIONS.  The giving of an erroneous
instruction is error without prejudice, where it appears that the
verdict of the jury is the only verdict sustainable under the evi-
dence.

APPEAL from the district court for Lancaster county:
WILLIAM H. WESTOVER, JUDGE.  *Affirmed.*

*J. M. Stewart, T. F. A. Williams* and *J. A. Brown,* for
appellants.

*T. J. Doyle, Morning & Ledwith* and *A. G. Ellick, contra.*

BARNES, J.

The three minor sons of Charles Peterson commenced
separate actions by their next friend, Emma O. Fosbury,
against Charles W. Spence, a licensed saloon-keeper doing
business in the village of Havelock, and his surety, the
Bankers Surety Company of Cleveland, Ohio, to recover
the sum of $5,000 damages alleged to have been sustained
by each of the plaintiffs on account of the sale of intoxi-
cating liquors to their father.

It was alleged in the petitions that on or about the 16th
day of April, 1909, and thereafter every day continuously
down to April 15, 1910, said defendant gave and furnished
to said Charles Peterson intoxicating, malt, spirituous and
vinous liquors, which were drunk by him, whereby they did
debauch and induce and cause said Charles Peterson to
become a habitual drunkard, and by reason of their said
acts such habitual drunkenness and debauchery has con-
tinued to this time, and the said Charles Peterson is now,

by reason thereof, a confirmed drunkard, and he has thereby been permanently impaired in health, and rendered shiftless and indolent, and his capacity to labor and earn money thereby impaired, and has thereby been caused to squander his money in drinking and drunkenness, by reason of which he has failed and neglected to support, educate, nurture and care for his said sons during said period and down to the present time, and has abandoned them and left them without a home, maintenance or support, and without the parental care, nurture and education required by their tender years, for all of which they are compelled to rely upon the charity and benevolences of strangers. Plaintiffs prayed judgments for $5,000 in each case.

Defendant's answer in each case was a general denial. The three cases were consolidated. The trial in the district court for Lancaster county resulted in judgments for the defendant, and the plaintiffs have appealed. It is contended that the verdict of the jury is not sustained by the evidence, but is contrary thereto.

Mrs. Fosbury testified, in substance, that she had charge of the Peterson children; that Peterson paid regularly for their care and attention until after May 17, 1910. This was after the end of the license year in which it was alleged that defendant furnished liquor to Peterson. Her testimony tended to show that up to the end of the license year Peterson was attentive to the children; that he was very affectionate, and furnished whatever she desired for their education and support. She also testified that she never saw Peterson when he appeared to be under the influence of liquor.

The marshal of the village of Havelock was called as a witness for the plaintiffs, and testified that he had known Peterson for a good many years; that he knew him when he worked in the railroad shops at Havelock, and also observed him during the license year of 1909-1910; that he saw Peterson drink an occasional glass of beer; that he was always sober and attending to his business. It further appears from the testimony that Peterson had a lunch

counter in the corner of the saloon belonging to Spence; that he attended to his business well and made good money, some of the witnesses putting his earnings at $150 a month. The testimony of the other witnesses shows that Peterson was what was termed a moderate drinker, that is, that he took a glass of beer occasionally; but the whole trend of the testimony was that Peterson was not in the habit of getting intoxicated, and was always able to attend to his business. Witness Smith's testimony was to the same effect as that given by the village marshal. To the same effect also was the testimony of Earl Jones, who was called as a witness for the appellants. The testimony also shows that during the license year when he had a lunch counter in the saloon Peterson drank less than he ever had before; that he only took an occasional glass of beer. There is evidence in the record which shows that Peterson went to Omaha twice during that year, and once made a trip to Lincoln, and one of the plaintiffs' witnesses testified that at those times Peterson drank beer, and on one occasion he was accompanied by a woman. The witness testified that Peterson was a good fellow to be out with, and that he spent his money freely, and that he had a good time, but that Peterson only drank beer on those occasions.

It appears that, after the license year of 1909-1910 expired, no license was granted in Havelock, but that saloons were licensed in Lincoln. Of course, during the next license year Peterson obtained no liquor of any kind from the defendant.

After Peterson closed up his lunch counter business he was out of employment, and went to Horton, Kansas, Sedalia, Missouri and Norfolk, Nebraska, at which places he worked at his trade as boiler maker some considerable time. In 1911 he came back to Havelock and opened a restaurant in partnership with a man named Vanderventer. He attended to that business in an efficient and industrious manner, and ran the restaurant until about the 1st of January, when he sold out to a Mr. Curry. He afterwards left Havelock, and had only occasionally returned for a short time. It appears that at those times Peterson was

Peterson v. Spence.

sober and in good physical condition.    The testimony shows that Peterson could not obtain work at the Havelock shops for the reason that he had been a strike sympathizer, and hence he was obliged to go to other places in order to obtain employment at his trade as boiler maker.

As we view the record, there is nothing in the evidence which shows, or tends to show, that the liquor furnished and sold to Peterson by the defendant in any manner contributed to Peterson's failure to support his children. We are therefore of opinion that the verdict was sustained by sufficient evidence.

Appellants complain of the giving of instruction numbered 3, given by the court on his own motion, and particularly that part of the instruction which is, in substance, as follows:    That plaintiff is required to prove that, by reason of the excessive use of intoxicating liquors, the said Charles Peterson contributed less toward the support of his boys, the plaintiffs in these cases, than he had previously done, and finally abandoned them, and wholly failed and neglected to support and provide for them.    This part of the instruction is conceded to be wrong.

In a suit on a liquor dealer's bond, it is only necessary for the plaintiff to show that during the license year the person alleged to have been injured by the sale of liquor furnished less support to his children than he previously did, or that during the license year he deprived his children of any of the means of support they would have received from him but for his drinking during such period.    Partial loss of support entitles a child to recover without proof of total loss of support from the father or of his abandonment of his child.    The giving of this instruction would entitle the appellants to a reversal of the judgment, were it not for the fact that, as we view the case, there is no evidence in the record which would even tend to support a verdict in plaintiffs' favor.    This being so, the giving of the instruction complained of was error without prejudice.

The judgments of the district court are therefore

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.